Case No.  **18-cv-05057-JFW (AFM)**                                          Date: April 25, 2019

Title     Lamar White v. Daniel Paramo

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

|  Ilene Bernal  |  N/A  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):  ORDER TO SHOW CAUSE WHY STAY SHOULD NOT BE VACATED**

On January 25, 2019, this action was stayed pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005) so that Petitioner could present his unexhausted claims to the California Supreme Court. (ECF No. 16.) Petitioner was directed to file status reports informing the Court of the progress in his efforts to exhaust his state remedies. Further, he was cautioned that unexcused delay in exhausting his state remedies could result in an order vacating the stay. (ECF No. 20.)

On February 25, 2019, Petitioner filed a status report indicating that, in accordance with the Court's order, he had filed a petition in the California Supreme Court raising his unexhausted claims on February 18, 2019. In addition, Petitioner attached a copy of the unfiled state court petition to his status report. (ECF No. 21.) In his status reports filed on April 1, and April 22, 2019, however, Petitioner states that: "On February 19, 2019, Petitioner served for filing in the *Superior Court of Los Angeles*, a State Petition for Habeas Corpus" and he had received "no notice of filing" or any other order from the state court concerning the alleged petition. (ECF Nos. 22, 23 (emphasis added).)

Case No.  **18-cv-05057-JFW (AFM)**                                              Date: April 25, 2019

Title        Lamar White v. Daniel Paramo

    Based upon the record, it appears that Petitioner has failed to file a habeas corpus petition in the California Supreme Court as required. Not only is presenting claims to the Superior Court insufficient to satisfy the exhaustion requirement, but it appears from the alleged lack of response by the state court that it has never received a petition from Petitioner. Furthermore, reference to the docket of the California Supreme Court (*see* http://appellatecases.courtinfo.ca.gov) does not reveal any filing by Petitioner after 2017.

    Accordingly, Petitioner is directed to show cause why the stay entered in this case should not be vacated. Specifically, within twenty-one (21) days of the date of this order, Petitioner shall file and serve a response clearly stating whether he has filed a petition in the California Supreme Court and, if not, explain why he has failed to do so. If Petitioner alleges that he has filed such a petition, he shall include a copy of the proof of service and a copy of the prison mail log showing outgoing mail from Petitioner. If Petitioner is unable to produce the foregoing, he shall file a declaration under penalty of perjury detailing his efforts to present his claims to the California Supreme Court. Absent good cause, Petitioner's failure to diligently exhaust his state remedies may result in an order vacating the stay. Finally, because the petition consists entirely of unexhausted claims for relief, it will be subject to dismissal.

    **It is so ordered.**

:
ib
**Initials of Preparer**